IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| REGINALD K. LITTLE, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:08-CV-76 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth*, 703 F.2d at 1239.  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The initial burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Claimant filed for disability benefits on or about September 16, 2003. (T-52). Claimant's application was denied initially and on reconsideration. (T-21-31). Claimant then filed a request for a hearing before an ALJ, which was held on August 10, 2006. (477-506). Subsequent to the hearing, the ALJ found that Claimant was entitled to a period of disability from the date of the hearing in a decision dated September 15, 2006. (T-11-20). Claimant appealed the ALJ's ruling on October 2, 2006, but the Appeals Council denied

Claimant's requested review of the ALJ's findings.  (T-2-4).

## Statement of Facts and Evidence

Claimant alleges a disability beginning July 21, 2003. (T-12).  After examining the medical records, the ALJ determined that Claimant suffers from post-traumatic stress disorder, as well as degenerative joint disease of the left knee and left shoulder, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (T-14).  After a thorough review of the record, the ALJ found that Claimant was not disabled prior to the date of the hearing, August 10, 2006, but that he was entitled to a period of disability commencing on August 10, 2006.  (T-20).

## DISCUSSION

The sole issue in this case is whether the ALJ erred in not presenting a complete hypothetical question to the vocational expert which included his "precise limitations."  (R-9).  The record reveals that the ALJ found that prior to August 10, 2006,Claimant had the residual functional capacity to perform a range of medium work which included the ability to: lift/carry 25 pounds frequently and 50 pounds occasionally; sit, with normal breaks, for six to eight hours a day; stand/walk with normal breaks for six to eight hours a day; occasionally kneel, crouch and crawl; unlimitedly reach in all directions with his right upper extremity; and occasionally reach overhead with his upper left extremity. (T-20).  The ALJ further found that mentally, Claimant would be able to perform simple, non-detailed tasks that do not involve interaction with the public or cooperative efforts with co-workers.  *Id.*

As of August 10, 2006, however, the ALJ determined that Claimant was capable of light work, but found that he was disabled pursuant to Medical-Vocational Rule 202.06, and entitled to a period of disability and disability insurance benefits from that date. *Id.*

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). In order for a vocational expert's testimony in response to this question to constitute substantial evidence on which the ALJ may rely, the question must comprise all of the claimant's impairments. *Vega v. Comm'r of Soc. Sec.,* 265 F.3d 1214, 1220 (11th Cir.2001). The ALJ is not required to include in the question claims of impairment that he has found unsupported. *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1161 (11th Cir.2004).

Claimant contends that the ALJ committed reversible error where the hypothetical question he asked of the vocational expert did not include the limitations he would experience interacting with co-workers and supervisors. (R-9, p. 4). In this case, after questioning Claimant as to the medical evidence provided, the ALJ asked the VE what jobs would be available for a hypothetical individual who was "limited to simple, non-detailed tasks that do not require dealing with the public or cooperative efforts with co-workers." (T-500). Claimant argues that the ALJ's question to the VE should have included the

5

limitations as noted in the Mental Impairment Questionnaire completed by Steve Barrett, a licensed clinical social worker at the Veteran's Administration Medical Center. *Id.* at 5. In the Questionnaire, Mr. Barrett found that Claimant would have "difficulty being in crowds (avoids them), interacting with others, problems relating to supervisors (reason for having had numerous jobs)." (T-140).

The record reveals that the ALJ failed to give controlling weight to the Mental Impairment Questionnaire, finding that it was "not complete and detailed enough to allow a determination to be made whether a claimant is disabled" and "does not provide a function-by-function analysis of the Claimant's ability to perform work-related mental activities as required by the Regulations." (T-17). 20 C.F.R. § 404.1513 states, with regard to medical evidence submitted to establish an impairment, that:

> Statements about what you can still do (based on the acceptable medical source's findings on the factors under paragraphs (b)(1) through (b)(5) of this section) should describe, but are not limited to, the kinds of physical and mental capabilities listed as follows (See §§ 404.1527 and 404.1545(c)):
>
> . . .
>
> (2) In cases of mental impairment(s), the acceptable medical source's opinion about your ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, coworkers, and work pressures in a work setting.

It should be noted, however, that as a social worker, Mr. Barrett, is not an acceptable medical source. 20 C.F.R. §§ 404.1513(a), (d)(1); 20 C.F.R. §§ 416.913(a), (d)(1). As such, his opinion is not considered a medical opinion but may be used to show the severity of an

impairment and its affect on the ability to work. 20 C.F.R. § 404.1513(d). Here, the ALJ provided good cause for not according the Mental Impairment Questionnaire any significant weight. Because the ALJ did not give the opinion of Mr. Barrett much weight, therefore, he was not required to include the functional limitations found by Mr. Barrett regarding his ability to interact with co-workers and supervisors in the hypothetical question asked to the VE. Thus, the Court finds that the hypothetical included all of Claimant's credible limitations.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 29th day of May, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw